ROSS *v.* STOLL.

1. TAXATION—EXEMPTIONS—BUILDING AND LOAN ASSOCIATIONS—
   MORTGAGES.

   Under Act No. 91, Pub. Acts 1911, § 2 (1 Comp. Laws 1915,
   § 4269), exempting building and loan mortgages from
   the mortgage tax under section 1 of said act, only mort-
   gages owned by building and loan associations are cov-
   ered.

2. APPEAL AND ERROR—SCOPE OF REVIEW.

   The Supreme Court will not consider a question available
   only on writ of certiorari to review mandamus proceed-
   ings where such writ is not utilized.

Certiorari to Wayne; Hosmer, J. Submitted Octo-
ber 23, 1917. (Calendar No. 27,518.) Decided De-
cember 28, 1917.

Mandamus by George W. Ross to compel Otto Stoll,
register of deeds of Wayne county, to receive and
record a land contract. From an order granting the
writ on the payment of the tax required by Act No.
91, Pub. Acts 1911, plaintiff brings certiorari. Af-
firmed.

*Berger & Milburn,* for appellant.

*Charles H. Jasnowski,* Prosecuting Attorney, and
*Paul W. Voorhies,* Assistant Prosecuting Attorney, for
appellee.

BIRD, J. This proceeding was instituted by petition
praying for a writ of mandamus to compel defendant
to receive and record a certain land contract which
was tendered to him, together with the usual record-
ing fee of $2.

The petition discloses that in June, 1915, one Henry
C. Fuller and wife were the owners in fee of certain

199—Mich.—36.

unimproved real estate in the city of Detroit. Being desirous of improving it, they contracted with Walter J. Miller, a contractor, to erect a building thereon for $3,400, and to loan them the money, the same to be repaid at the rate of $25 a month, with interest at the rate of 6 per cent. In order to secure the repayment of the loan Fuller and his wife conveyed the premises to Walter J. Miller, by warranty deed, and took back a land contract providing for a reconveyance of the premises upon the payment of $4,900. This sum represented the amount of the loan plus the value of the lot. The $1,500 was immediately indorsed on the contract, leaving the amount due upon the contract the sum of $3,400. Subsequently the Fullers assigned their interest in the contract to the plaintiff. He tendered the contract with the recording fee of $2 to the defendant, and requested him to record it. Defendant refused, and placed his refusal on the ground that the paper tendered was an executory contract to secure the payment of money, and therefore came within the statutory definition of a mortgage, under section 1 of Act No. 91, Pub. Acts 1911 (1 Comp. Laws 1915, § 4268), and consequently was subject to the tax of 50 cents a hundred on the $4,900.

1. Plaintiff concedes that the contract should be construed as a mortgage under the mortgage tax law, but takes issue with defendant that the contract is subject to the tax. He contends it comes within the last proviso of section 2 of the act, which reads: *"Provided, further*, No tax shall be imposed upon any building and loan mortgage."* Plaintiff reasons that this loan was made and the contract executed for building purposes, and is therefore clearly exempt under the foregoing proviso.

At its session of 1887 the legislature passed an act providing for the incorporation of "building and loan associations" (Act No. 50, Pub. Acts 1887, 2 Comp.

Laws 1915, § 9995 *et seq.*). Since that time several
amendments have been made thereto. Two years later
the shares of such associations and mortgages owned
by them were exempted from the general tax law (2
Comp. Laws 1915, § 10011). As a result of this act
and the doing of business thereunder, the term "build-
ing and loan" has come to have a fixed meaning, not
only with the general public, but with the legislature.
We think it was this restricted meaning that the legis-
lature had in mind when it used the term "building
and loan mortgage" in the foregoing proviso. Indeed,
it could hardly have used the language in the general
sense contended for by plaintiff without exempting
from the operation of the act an amount of securities
which would have left the law with but little use as a
revenue producer. Another reason which inclines us
to this construction is that it would be extremely dif-
ficult for a county treasurer to determine what por-
tion of a given loan had been used, or would be used,
for building operations, and what portion thereof had
been, or would be, used for other purposes. Evidently
the legislature did not intend that a county treasurer
should be called upon to make such a determination.
If it did, it would have so indicated, and provided
some method by which it might be accomplished. The
words "building and loan mortgage" as used in the
proviso must be construed as referring only to mort-
gages owned by building and loan associations.

2. Plaintiff takes the further position that, if the
contract is subject to the tax, the basis of computing
it should be $3,400 instead of $4,900. The defendant
insists that the amount named on the face of the paper
must control unless it is an indemnity mortgage, and
there is no claim that this is such a one. This ques-
tion is argued at some length by counsel in their briefs.
They concede that the question is not properly before
the court, but they are desirous of having the ques-

tion determined, as it is constantly arising, to the annoyance of the county treasurers of the State. The trial court held in accordance with appellant's contention on this phase of the case, so he has no ground for complaint. As defendant did not avail himself of the writ of certiorari, as he might have done, we shall be obliged to adhere to our rule and decline to pass upon the question.

The judgment of the trial court is affirmed.

KUHN, C. J., and STONE, OSTRANDER, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.